MARY TYLER *v.* THOMAS P. JACOB ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—717.]

**Vested and Contingent Remainders.**

A testator placed the title to all of his estate in his executors and provided that his daughters, who were given a life estate, should have no power to sell or incumber the property; and at the death of the life tenant the estate was directed to be conveyed by the executors or paid to her descendants, if there should be any, in the same manner as it would pass by the laws of descent if the same were to descend from her. If there were no such descendants then the same should be conveyed and paid to her heirs. It was held that the real estate could not be conveyed and a good title given by the life tenant even if her children, who were all of full age, should join in such conveyance; that the grandchildren did not receive a fee by the terms of such will, but that their interests were contingent and not vested; and that in the event that any of said grandchildren should die prior to the life tenant, the children of such grandchild would not be estopped to assert their interest, even though their parent had joined the life tenant in a conveyance.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

### February 1, 1883.

OPINION BY JUDGE PRYOR:

The will of John P. Jacob is brought here for construction, with a view of determining whether the remainder interests are vested or contingent. Mrs. Tyler, who was a daughter of the testator and a life tenant in the property devised to her, sold one of the houses assigned to her in the partition of her father's estate to the appellee, Thomas P. Jacob, by an executory contract; and upon offering to comply with her contract and tendering a deed the appellee refused to accept it on the ground that she was not invested with title. All of her children, being adults, united with her in the conveyance.

The testator's will placed the title to all of his estate in his executors, and by its provisions his daughters, who held a life estate, had no power to sell or encumber the property, and at the death of the life tenant the estate to which she was entitled or held as such was directed "to be conveyed by the executors or paid to her descendants, if there be any such living, in the same manner as it would pass by the laws of descent if the same were to descend from her. If there be no such descendants then the same shall be conveyed and paid to her heirs."

We have substituted the clause applicable to William R. Jacob, so as to make it read as a devise to Mrs. Tyler, as this clause by another provision of the will determines the extent of her interest, as well as the interest of those in remainder. The appellant, Mrs. Tyler, made valuable and lasting improvements and expended much of and perhaps more than her income in paying for them. She filed a petition in equity in the Louisville Chancery Court asking for a sale of the trust estate and this particular house in controversy to repay her the money expended for the improvements. The children, who were of full age, were parties to the litigation, as well as the executors; and the chancellor relieved this particular house of the trust feature by which the executors held it, and directed a conveyance to be made to Mrs. Tyler, who then became, so far as the parties to the record were concerned, the absolute owner. Other houses and lots had been assigned to Mrs. Tyler, and those in remainder under the will, than the house conveyed to her by order of the chancellor. It appeared in that action that the trust estate

was made much more valuable by reason of the improvements made, and that when conveying to Mrs. Tyler this house and lot the property left to pass to those in remainder was equal in value to the entire trust estate devised in the first place to Mrs. Tyler and her descendants or heirs. With the deed made to her, she sold to the appellee, and he now insists that the remainder was contingent, and that although Mrs. Tyler's children were before the court they may not be entitled to any of the trust property at her death.

This identical question, we think, was raised in the case of *Jacob v. Jacob,* 4 Bush (Ky.) 110, and *Johnson v. Jacob,* 11 Bush (Ky.) 646, and it was held in each case that the remainder was contingent, and such of the descendants of Mrs. Tyler as were living at her death would take her estate. It is said in the case of *Johnson v. Jacob* that it is contended for Mrs. Pope and Mrs. Tyler that immediately upon the death of John J. Jacob the estate in remainder vested in those persons who were then his heirs apparent. The other parties claim that the remainder is contingent, and that the absolute right to the estate did not vest until the death of the life tenant. The court adopted the latter conclusion and devoted much of the argument contained in the opinion to this branch of the case. The same line of reasoning was pursued in that case for those who claim a vested interest as is presented in the present case, and if the brief of counsel can now be considered more persuasive the court ought not to reconsider the question.

The two cases cited determine the right of property, and if in an opinion now rendered it was even held that the title vested, the purchaser would be subjected to an uncertainty as to his title when those living at the death of Mrs. Tyler, and who were not in being when the case was decided, should ask the chancellor to give them an interest under the will. Not being parties to the action, the court as then organized might well adopt the construction of the will given in the two cases cited, and decline to follow this case, if the views of appellant were permitted to prevail. If one of the children of Mrs. Tyler should die leaving children, those children, if living at the death of the life tenant, would take under the will, and the conveyance by the parent in his or her lifetime would be a nullity, and so of the judgment rendered relieving the property of the trust. The contingent remaindermen, being ascertained at the death of Mrs. Tyler, could assert their claim regardless of the ac-

tion of those who were capable of taking in the event the death of the life tenant had occurred sooner.

It seems to us also that the manifest intention of the testator was that such of the children of the life tenant as survived her at her death, or their descendants, took the remainder, and he expresses it in forcible language "after her death the property with the unexpended avails shall be conveyed and paid to her descendants, if there be any living," and to make it certain he proceeds to say "in the same manner as it would descend from her," etc. So those who would inherit from Mrs. Tyler if she was the absolute owner are the persons who take under this will at her death. The will further provides that his daughters shall have no power, or any husband they may have, to alienate or encumber the same, or to anticipate the profits; nor shall either be subject in any way to the payment of his or her debts, "and after her death to be conveyed and paid to her descendants or heirs as in said last clause directed."

The life tenant under the will makes valuable improvements on the property, and to such an extent as requires her to call on the chancellor to dispose of a part of the trust estate to reimburse her. The descendants living at the death of Mrs. Tyler and who were not a party to that action will at once question the jurisdiction of the chancellor to permit in the first place the improvements and in the second place to sell the trust estate to pay for them, and it will be no answer for the purchaser to say, "Your father or mother consented that it should be done." Those of the children of Mrs. Tyler who now consent to or were parties to that judgment, if living at the death of Mrs. Tyler, will be estopped to claim the property in the hands of the purchaser, because they induce him to buy, and not only so make to him an absolute conveyance and obtain his money or permit the life tenant to take it; but the trouble is that the child now living and asking that such a judgment be rendered may not be living at the death of the mother, and therefore at no time would have been entitled to the estate except upon the contingency mentioned in his will. Such an estate may be sold for the purposes of reinvestment under our statute, but the life tenant can not make on it improvements, although made in the best of faith and in the interest of all, as was the case here, and then subject it for sale to reimburse her or take a part of the trust estate for that purpose. It is an unfortunate condition of things so far as it affects the life tenant; but we perceive nothing

in this record that would justify the chancellor in holding that, under the will or by reason of the judgment directing a conveyance of the property to him by her, she holds the absolute title and the purchaser would be protected· under it.   On the contrary, those entitled to the remainder can not be known until Mrs. Tyler's death, and therefore the chancellor acted properly in declining to enforce the performance of the contract.   That no state of case can be presented where the life tenant would be justified in making expendi- . tures to save the estate for the remainderman is not necessary to be decided.

Judgment *affirmed*.

*John B. Baskin, for appellant.*

*Goodloe & Roberts, for appellees.*

[Cited, *Mercantile Bank v. Ballard's Assignee,* 83 Ky. 481.]

